# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:20-cr-00044-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| COYOAMI MIGUEL, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 25].

On May 11, 2020, the Defendant was charged by way of a Criminal Complaint with production of child pornography, in violation of 18 U.S.C. § 2251(a). [Doc. 1]. On May 13, 2020, the Defendant's initial appearance was held, at which time the Magistrate Judge appointed counsel for the Defendant.

On June 2, 2020, the Defendant was charged in a Bill of Indictment with eight counts of knowingly and attempting to persuade, induce, entice, and coerce, an individual he believed to not yet have attained the age of eighteen (18) years, to engage in any sexual activities for which a person

could be charged with criminal offenses, all in violation of 18 U.S.C. § 2422(b); two counts of employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, all in violation of 18 U.S.C. § 2251(a); one count of knowingly distributing and attempting to distribute child pornography, all in violation of 18 U.S.C. § 2252A(a)(2)(A); and one count of knowingly possessing and accessing with intent to view any material that contained an image of child pornography, all in violation of 18 U.S.C. § 2252A(a)(5)(B). [Doc. 14]. On June 8, 2020, the Defendant's arraignment was held, at which time the Magistrate Judge calendared the case for the June 29, 2020 trial term and then, pursuant to 18 U.S.C. § 3161(c)(2), continued the case to the August 31, 2020 trial term. On August 18, 2020, upon the Defendant's motion, the Court continued the case to the November 2, 2020 trial term. [Doc. 19].

On August 19, 2020, the Defendant was charged in a Superseding Bill of Indictment with thirteen counts of knowingly and attempting to persuade, induce, entice, and coerce, an individual he believed to not yet have attained the age of eighteen (18) years, to engage in any sexual activities for which a person could be charged with criminal offenses, all in violation of 18 U.S.C. § 2422(b); ten counts of employing, using, persuading, inducing, enticing,

2

and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, all in violation of 18 U.S.C. § 2251(a); one count of knowingly distributing and attempting to distribute child pornography, all in violation of 18 U.S.C. § 2252A(a)(2)(A); and one count of knowingly possessing and accessing with intent to view any material that contained an image of child pornography, all in violation of 18 U.S.C. § 2252A(a)(5)(B). [Doc. 20]. On September 4, 2020, the Magistrate Judge held the Defendant's arraignment on the Superseding Bill of Indictment. Upon motion of the Defendant, the Court continued the case to its current setting during the January 4, 2021 trial term. [Doc. 24].

The Defendant now seeks to have the Rule 11 Hearing in this matter conducted by videoconference. [Doc. 25]. As grounds, counsel for the Defendant states that the Defendant is presently detained in Buncombe County Jail and removal of the Defendant from the facility for an in-person Rule 11 will require approximately fourteen (14) days in quarantine or solitary confinement. [Id. at 2]. Counsel also states that after this period of quarantine the Defendant will be permanently removed from the dorm where he has been safely living since June 2020 and due to the nature of the charges against the Defendant, it is important that the Defendant remain in his dorm where he is housed with others with whom he feels safe. [Id.]. Counsel for

3

Case 1:20-cr-00044-MR-WCM   Document 26   Filed 12/04/20   Page 3 of 5

the Defendant further represents that the Defendant and the Government consent to the request for the Rule 11 Hearing to be conducted by videoconference. [Id. at 1, 3].

The Court finds, under the unique circumstances of this case, that conducting a Rule 11 Hearing in this matter by videoconference is appropriate. Considering the nature of the charges in this matter, the inability to return the Defendant to his current housing, and the fact that the Defendant's trial is scheduled for the January 4, 2021 trial term and returning the Defendant to his current housing following an in-person Rule 11 Hearing is unlikely to be possible under the circumstances, the Court finds that the Defendant's Rule 11 Hearing "cannot be further delayed without serious harm to the interests of justice." Coronavirus Aid, Relief, and Economic Security Act (CARES Act) PL 116-136, March 27, 2020, 134 Stat 28; [3:20-mc-00048, Doc. 8 at 3].

For the reasons state herein, and pursuant to the CARES Act and this Court's Standing Order [3:20-mc-48, Doc. 8], the Defendant's Rule 11 Hearing may take place by means of videoconference.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Unopposed Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 25] is **GRANTED**, and the above-captioned Defendant's Rule 11 Hearing is **ALLOWED** to be conducted by videoconference.

**IT IS SO ORDERED.**

Signed: December 4, 2020

Martin Reidinger
Chief United States District Judge