# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:20-cr-00044-MR-WCM

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **COYOAMI RUIZ MIGUEL,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Report [Doc. 44].

The Defendant moves for leave to file the Defendant's Psychosexual Evaluation [Docs. 43, 43-1] under seal in this case. [Doc. 44]. For grounds, counsel states that the Evaluation contains extremely private information regarding the Defendant's background and psychological state, including information similar to that found in a presentence report. [Id.].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."

Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on July 29, 2021, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendant has demonstrated that the evaluation contains sensitive information and that the public's right of access to such information is substantially outweighed by the parties' competing interests in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the document, the Court concludes that sealing of the Evaluation is necessary to protect the parties' interest in preventing the disclosure of this sensitive information.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Report [Doc. 44] is **GRANTED**, and the Psychosexual Evaluation [Docs. 43, 43-1] shall be filed under seal and shall remain under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: December 16, 2021

Martin Reidinger
Chief United States District Judge